UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JULIE-ANNE DENTICI,
an individual,

    Plaintiff,

vs.                                                          CASE NO:

J & B INVESTMENTS, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Julie-Anne Dentici ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues J & B Investments, LLC., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.    Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the

Northern District of Alabama.

3. Plaintiff, Julie-Anne Dentici (hereinafter referred to as "Dentici") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. Dentici suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from cerebral palsy, requires a wheelchair for mobility and has limited use of her upper extremities. Prior to instituting the instant action, Dentici visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. Dentici continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, J & B Investments, LLC is a limited liability company registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief J & B Investments, LLC (hereinafter referred to as "J & B or Defendant") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically the Irondale Cafe located at 1906 1st Avenue North, in Birmingham, Alabama (hereinafter referred to as the "Restaurant").

5. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## **COUNT I - VIOLATION OF THE ADA**

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned by Defendant is a place of public accommodation in that it is a Restaurant operated by a private entity that provides goods and services to the public.

8. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant owned by Defendant. Prior to the filing of this lawsuit, Plaintiff visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below that she personally encountered. In addition,

Plaintiff continues to desire and intends to visit the Restaurant, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Restaurant in violation of the ADA. Dentici has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. Defendant is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

    (i) There is no van accessible parking provided;

    (ii) There is a built-up curb ramp in the shared access aisle between the two (2) accessible parking spaces provided such that neither parking space designated as accessible has a level access aisle necessary for a wheelchair user;

    (iii)    There is a ramp leading to the entry door and no level maneuvering clearance is provided at the exterior entry door necessary for a wheelchair user to enter independently;

    (iv)    There is a ramp to the interior vestibule door and no level maneuvering clearance is provided at the interior vestibule door necessary for a wheelchair user to enter independently;

    (v)    There are doors in series that are too close together for a wheelchair user to enter the restaurant independently;

    (vi)    The toilet room entry doors have knob hardware that requires tight grasping, pinching and twisting of the wrist to operate and/or lock and unlock;

    (vii)    Both toilet rooms provided have no rear grab bars at the water closet and a side grab bar that is too short;

    (viii)    The paper towel dispensers are out of reach for a wheelchair user;

    (ix)    The toilet room doors are too narrow for a wheelchair user to enter;

12.    There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by Defendant that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R.

Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendant was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendant has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 11th day of July 2017.

> Respectfully submitted,
>
> By:   /s/ Edward I. Zwilling
>      Edward I. Zwilling, Esq.
>      Alabama State Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
Email: ezwilling@szalaw.com